

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-25-00633-CV

———————————————————

JOHN T. ESPINOZA, Appellant

V.

MONTAGUE COUNTY APPRAISAL DISTRICT, Appellee

On Appeal from the 97th District Court
Montague County, Texas
Trial Court No. 25-169-DCCV-0105

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

Appellant John T. Espinoza appeals the trial court's grant of Appellee Montague County Appraisal District's (MCAD) Plea to the Jurisdiction.[1] Because Appellant has inadequately briefed all of his issues on appeal, we will affirm the order of the trial court as modified.

## I. Procedural Background

Appellant filed a protest with MCAD to contest his 2024 property appraisal. The appraisal board held a hearing for the matter in June 2024 and issued an order decreasing Appellant's property taxes. Appellant was informed that he could appeal this order within 60 days, as permitted by Texas's Tax Code,[2] but he did not do so. Instead,

---

[1]In his notice of appeal, Appellant states that he "desires to appeal of the District Court's Order on November 04, 2025[,] denying to withdraw[ ] its ['[Order [Granting Defendant's Plea to the Jurisdiction']] on October 07, 2025." We note that, generally, only final judgments are appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). Here, the trial court's October 7, 2025 order granting the plea to the jurisdiction states, "This is a final judgment disposing of all claims and parties." Neither party contests that the trial court's order is a final and appealable judgment. Thus, we construe Appellant's challenge to the trial court's denial of his motion to withdraw its previous order as a challenge to the trial court's order granting MCAD's plea to the jurisdiction. *See In re M.E.P.*, No. 2-05-148-CV, 2006 WL 417096, at *2 (Tex. App.—Fort Worth Feb. 23, 2006, no pet.) (mem. op.) (construing a notice of appeal liberally where possible, in favor of the right to appeal); *see also Lehmann*, 39 S.W.3d at 192–93, 195 (holding a judgment is final for purposes of appeal if it disposes of all pending claims and parties in a case or "states with unmistakable clarity that it is a final judgment as to all claims and all parties").

[2]*See* Tex. Tax Code § 42.01(a)(1)(A) (permitting a property owner to appeal an order of the appraisal review board related to a protest by the property owner under Chapter 41), § 42.21(a) (providing that petition for review by a district court under this

2

Appellant filed an appeal in the district court almost one year later, claiming that MCAD had removed his homestead cap, thereby resulting in a "fraudulent appraisal" and violating his due process and equal protection rights under the United States Constitution. MCAD first filed a general response, and then later filed a plea to the jurisdiction with evidence attached alleging that the district court did not have jurisdiction of Appellant's claims because Appellant had failed to: (1) exhaust the administrative remedies outlined in the Tax Code[3] and (2) assert any basis for which MCAD was liable for the alleged constitutional violations. Although Appellant filed a response[4] to MCAD's plea to the jurisdiction, he did not attach any responsive

---

chapter must be filed within 60 days); *see also id.* § 41.41 (detailing the rights of a property owner to protest before the appraisal review board).

[3]*See id.* § 42.21(a) ("Failure to timely file a petition [within 60 days after receipt of notice of a final order] bars an appeal under this chapter.").

[4]Appellant's response was file stamped the day before the hearing. However, during the hearing MCAD stated that it had "not received any type of response from the [Appellant]." The trial court did not make any statement about Appellant's response.

Appellant's response contained little more than excerpts of case law without pointing to any evidence or argument that would support the contested jurisdiction of the trial court. And despite stating, "[T]his is not a tax case," at the start of his response, in his conclusion, Appellant requested that the trial court interpret Texas Tax Code Section 11.42(f). Section 11.42(f) governs those circumstances under which "[a] person who acquires property after January 1 of a tax year may receive an exemption." *Id.* § 11.42(f).

evidence, nor did he attend the hearing on the motion.[5] The trial court granted MCAD's plea to the jurisdiction—dismissing Appellant's claims—and subsequently signed an order stating the same. Appellant then filed a motion requesting that the trial court reconsider and withdraw this order—the trial court considered the request during a subsequent hearing.[6] Following statements from both Appellant and MCAD, the trial court denied the motion to withdraw its previous order.

On appeal, Appellant—appearing pro se—alleges three issues; however, we are unable to reach the substance of Appellant's issues, as his brief does not comply with the Texas Rules of Appellate Procedure.

## II. Briefing Waiver

Although Appellant is proceeding pro se, he must comply with all applicable procedural rules. *Castro v. Am. Express Nat'l Bank*, No. 02-23-00196-CV, 2024 WL 3059046, at *3 (Tex. App.—Fort Worth June 20, 2024, no pet.) (mem. op.). A pro se litigant is held to the same standard that applies to a licensed attorney. *Id.*; *Brown v. Tex. Emp. Comm'n*, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990,

---

[5]MCAD informed the trial court of the steps taken to effect service on Appellant for the hearing.

[6]During the subsequent hearing, Appellant provided no arguments or evidence related to the trial court's jurisdiction. Instead, Appellant argued the merits of his petition, alleging (1) that MCAD had never amended its original answer—we presume Appellant was referring to the lack of amendment following both amendments to his own petition—and (2) that Appellant's "homestead exemption was just removed and then tax was added on . . . with no law."

writ denied). Thus, we cannot grant Appellant any special accommodation simply because he is pro se.

> We summarized the law regarding briefing requirements in *In re J.D.*:

> Rule 38.1 of the Texas Rules of Appellate Procedure contains specific requirements for an appellant's brief. *See* Tex. R. App. P. 38.1. To comply with Rule 38.1, an appellant's brief must, among other things, "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Merely uttering brief, conclusory statements unsupported by citation to legal authorities does not satisfy briefing requirements. *In re A.N.G.*, 631 S.W.3d 471, 476 (Tex. App.—El Paso 2021, no pet.). Indeed, "[f]ailure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

No. 02-24-00515-CV, 2025 WL 2810523, at *2 (Tex. App.—Fort Worth Oct. 2, 2025, no pet.) (mem. op.).

An appellant waives issues on appeal if he does not adequately brief them by providing supporting arguments, substantive analysis, and appropriate citations to authorities and the record. *Carr v. Claudio*, No. 01-22-00815-CV, 2024 WL 3187354, at *4 (Tex. App.—Houston [1st Dist.] June 27, 2024, no pet.) (mem. op.); *Marin Real Est. Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Cervantes-Peterson v. Tex. Dep't of Fam. & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). Courts have found briefing waiver in several circumstances, including:

- *Heffner v. Haverkamp*, No. 02-25-00472-CV, 2026 WL 1700293, at *4 (Tex. App.—Fort Worth June 11, 2026, no pet h.) (mem. op.) (concluding appellant had waived issues on appeal where arguments were "a confusing, disjointed, rambling, . . . belligerent stream of consciousness . . . without cogent analysis regarding" the applicability of any citations to the case on appeal);

- *Shockley v. Yalk*, No. 07-22-00128-CV, 2023 WL 1993683, at *2 (Tex. App.—Amarillo Feb. 14, 2023, no pet.) (mem. op.) (declining to address any arguments potentially raised in briefing, where appellant's brief was "disorganized, rambling, . . . and incredibly hard to decipher");

- *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, 09-21-00045-CV, 2022 WL 1412303, at *2–4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (holding where briefing contained confusing and disjointed issues, those issues were waived due to inadequate briefing);

- *Purse v. DeJesus*, No. 01-17-00855-CV, 2019 WL 237751, at *2–3 (Tex. App.—Houston [1st Dist.] Jan. 17, 2019, no pet.) (mem. op.) (holding appellant waived all issues where appellant's brief did not contain any appropriate argument, analysis, discussion, or support for his purported issues);

- *Massey v. Royall*, No. 14-02-01260-CV, 2004 WL 114989, at *1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2004, no pet.) (mem. op.) (holding appellant's incomprehensible issue could not be addressed and presented nothing for appellate court to review); and

- *Kennedy v. Staples*, 336 S.W.3d 745, 754 (Tex. App.—Texarkana 2011, no pet.) (concluding issues waived due to inadequate briefing, where appellant's complaints lacked coherence).

In reviewing for briefing waiver, we are to construe briefs liberally so as not to preclude the right to appellate review. *J.D.*, 2025 WL 2810523, at *2. But it is not the court's responsibility to identify "possible trial court error, searching the record for facts favorable to a party's position, or conducting legal research to support a party's

6

contentions." *Id.* (quoting *In re J.O.A.M.*, No. 01-23-00691-CV, 2024 WL 1169432, at *23 (Tex. App.—Houston [1st Dist.] Mar. 19, 2024, no pet.) (mem. op.)). "Were we to engage in such activities, we would be abandoning our role as judges and taking on the role of advocate for that party." *J.O.A.M.*, 2024 WL 1169432, at *23 (citing *Valadez*, 238 S.W.3d at 845).

Appellant's Amended Brief allegedly raises three issues. First, he alleges that he was not served with notice of the plea to the jurisdiction hearing.[7] Second, he alleges that MCAD acted without authority—violating the *Monell* Doctrine. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 98 S. Ct. 2018 (1978). Third, he alleges that the trial court relied on a "mistranslation" of his pleadings when he was not present at the hearing to correct this misrepresentation.[8]

The arguments raised by Appellant are a confusing and disjointed recitation of the claims in his petition, framed as appellate issues but without any substantive argument or analysis related to his (minimal) case citations. Additionally, Appellant makes no argument related to the trial court's jurisdiction or why the trial court may have erred in granting MCAD's plea to the jurisdiction. Instead, Appellant attempts to

---

[7]Appellant makes no attempt to show *how* he was harmed, even if he did not receive adequate notice. Further, the trial court stated that its ruling was based on its review of the pleadings and the evidence presented.

[8]At the initial hearing, the only evidence the trial court heard was related to MCAD's attempts to notify Appellant about the filing of the plea to the jurisdiction and the hearing notice.

argue the merits of his suit on appeal. This same characterization applies to Appellant's reply brief. Thus, as Appellant has provided no substantive argument for this court to meaningfully evaluate, we hold that he has waived his issues on appeal. *See Shockley*, 2023 WL 1993683, at *2; *Golden*, 2022 WL 1412303, at *2, *4; *Purse*, 2019 WL 237751, at *3; *Massey*, 2004 WL 114989, at *1.

## III. Reformation of Order

Although not raised by either party, we note that the trial court impermissibly dismissed Appellant's claims "with prejudice." "[I]t is well established that a dismissal with prejudice functions as a final determination on the merits." *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) (citing *Zimmerman v. Texaco, Inc.*, 409 S.W.2d 607, 614 (Tex. App.—El Paso 1966, writ ref'd n.r.e.)). A plea to the jurisdiction does not involve a determination of the merits of a plaintiff's claim. *See Appraisal Rev. v. O'Connor & Assocs.*, 275 S.W.3d 643, 645 (Tex. App.—Dallas 2009, no pet.) (holding a plea to the jurisdiction is a dilatory plea that challenges a trial court's jurisdiction to hear the subject matter of a dispute, regardless of the merits).

Here, the trial court, in granting MCAD's plea to the jurisdiction, determined that it did not have jurisdiction over Appellant's claims. Consequently, the trial court did not reach the merits of Appellant's claims and the part of the order dismissing Appellant's claims with prejudice is improper. *See Stedfast Baptist Church v. Fellowship of the Sword, Inc.*, No. 02-21-00436-CV, 2022 WL 11485472, at *11 (Tex. App.—Fort Worth Oct. 20, 2022, no pet.) (mem. op.) (holding that to dismiss a plaintiff's claims

8

with prejudice, the trial court would have to assert jurisdiction over them); *see also Ellis as ex. rel. H.D.E. v. Prince*, No. 02-25-00162-CV, 2025 WL 2370582, at *4 (Tex. App.—Fort Worth Aug. 14, 2025, pet. filed) (mem. op.) ("But the trial court's dismissal was not a merits-based determination and therefore cannot be 'with prejudice.'"). As a result, the trial court's order should have recited that Appellant's suit was dismissed "without prejudice." *See, e.g., Thompson v. Silvas*, No. 01-02-01083-CV, 2003 WL 22254950, at *2 (Tex. App.—Houston [1st Dist.] Oct. 2, 2003, no pet.) (mem. op.).

Accordingly, on our own motion, we reform the trial court's order to state that Appellant's lawsuit is dismissed without prejudice. *See, e.g., Sw. Airlines Pilots Ass'n v. Boeing Co.*, 704 S.W.3d 832, 839 (Tex. App.—Dallas 2022) (modifying, on its own motion, the trial court's order dismissing appellant's claims with prejudice), *aff'd*, 716 S.W.3d 140, 156 (Tex. 2025).

## IV. Conclusion

Having held that Appellant has waived his issues on appeal, we affirm the order of the trial court as reformed.[9]

---

[9]Any pending motions in this court that have not been disposed of are denied.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  July 23, 2026